IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

EDWIN F. WASHINGTON,

    Petitioner,

v.  CASE NO. 5:07-cv-00166-RS-AK

JAMES R MCDONOUGH,

    Respondent.

_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Doc. 10, "Amended Notice to Invoke Discretionary Jurisdiction, and Doc. 11, Second Amended Verified Petition for Writ of Mandamus, filed by Edwin F. Washington. Both of these amendments were filed after the Court directed Petitioner to amend his petition for writ of mandamus to more fully explain the bases of his claim and to specify the facts underlying his claim of wrongful actions. Doc. 6.

In determining whether Petitioner has amended sufficiently to invoke this Court's mandamus jurisdiction, the Court first returns to Petitioner's original Notice to Invoke Discretionary Jurisdiction, in which he requested review of the decision of "this court rendered on the 26 day of April, 2007." Doc. 2. According to him, this order was "contrary to prisoner's indigents" under two Florida statutes, and he then cites the Court to the Florida Constitution and

a Florida Supreme Court case involving Daniel Kevin Schmidt.[1]  *Id.*  He concludes that "L[ien] was place on other case without given me notice."  *Id.*

In his Second Amended Verified Petition for Writ of Mandamus, Petitioner continues to cite the Court to the Florida Constitution, the Florida Rules of Appellate Procedure, and to a Florida court of appeal case discussing state court mandamus relief.  Doc. 11.  He then states: "To have monetary damages injunctive and declaratory relief, 'Damages for the time' spent in segregation in bad faith with emotional distress."  *Id.*  He provides no additional details.

In his Amended Notice to Invoke Discretionary Jurisdiction, he states that the clerk of a state appellate court issued a certificate of indigency and an order to provide the court with an appendix "that contains a copy of the pleading...which petitioner alleges has not been timely considered by the lower tribunal."  Doc. 10.  He then claims, "There is no reason that the instant filing should have in turn order by the court an appendix....Petitioner never submitted any petition, motion or other filing that has not been timely considered by the lower tribunal in that all procedural requirements have been met."  *Id.*

Documents 10 and 11 are styled as if they were being filed "In the District Court of Appeal for the First District, State of Florida"–indeed, Petitioner has written a state court number, Case No. 1D07-23342, on Doc. 11--while Document 2 is styled as if it were being filed

---

[1] In *Schmidt v. McDonough*, 951 So.2d 797 (Fla. 2006), the Florida Supreme Court found (1) that the filing of state court mandamus petition raising a gain time claim "is not free of costs, and that although such petitions are is exempt from the prepayment and lien requirements of the prisoner indigency statute," they are subject to the "certification requirements of the general indigency statute," and (2) that "'mixed petitions–petitions where civil claims are piggy-backed onto gain time claims–are not exempt from the prepayment and lien requirements of the prisoner indigency statute." *Schmidt*, 951 So.2d at 803 (citations omitted),

"In the Circuit Court of the Second Judicial Circuit...for Leon County, Florida," Case No. 2007CA000592.  Doc. 2.

Petitioner had no cases filed in this Court on the date alleged in Document 2(though he now has four cases pending), and this Court does not sit as a super appellate court to review decisions made by a state court, as "a federal court lacks the general power to issue writs of mandamus to direct state courts and their judicial officers in the performance of their duties where mandamus is the only relief sought." *Moye v. Clerk, DeKalb County Superior Court*, 474 F.2d 1275, 1276 (5th Cir. 1973). Quite frankly, Petitioner's myriad papers, many of which are outright duplicates of each other and reflect nothing more than the state court standard for mandamus relief, fail in all respects to state a claim for mandamus relief in this Court.  As noted, this Court has no general mandamus authority over state courts or their officers, and Petitioner's vague request for monetary damages for a loss of gain time is a matter for consideration under 42 U.S.C. § 1983, not under this Court's mandamus powers.  Indeed, it appears Petitioner never really intended to invoke the jurisdiction of this Court, the United States District Court for the Northern District of Florida, but rather of one state court or another, either a circuit court or a court of appeal, and his disagreement with a state court order which he believes is in error does not confer jurisdiction on this Court.

This Court has allowed Petitioner several opportunities to amend his claims to assert a valid basis for jurisdiction and to state facts upon which relief could be granted.  He has failed to do either of those things.  Dismissal is therefore appropriate.  If Petitioner determines that he has a claim for relief under § 1983, he may file suit on the applicable form which will be provided to him by the Clerk upon request.

Accordingly, it is **RECOMMENDED** that this case be **DISMISSED WITHOUT PREJUDICE**.

**IN CHAMBERS** at Gainesville, Florida, this  16th  day of August, 2007.

s/ A. KORNBLUM
ALLAN KORNBLUM
UNITED STATES MAGISTRATE JUDGE

### NOTICE TO THE PARTIES

A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.